The Honorable Todd Hunter Chair, Committee on Judiciary Civil Jurisprudence Texas House of Representatives Post Office Box 2910 Austin, Texas 78768-2910
Re: Whether section 271.118 of the Local Government Code prohibits a company from being selected as a construction manager-at-risk for a municipal project if a related company has been selected as the project manager and design engineer (RQ-0831-GA)
Dear Representative Hunter:
Subchapter H of chapter 271 of the Local Government Code authorizes a governmental entity to use various alternative delivery methods for the construction of certain projects and sets forth the procurement procedures for those methods. See TEX. Loc. GOV'T CODE ANN. §§ 271.111-121 (Vernon 2005 Supp. 2009). Section 271.118 of subchapter H authorizes the construction manager-at-risk[1] method and prescribes the specific procedures a governmental entity must follow "[i]n using that method and in entering into a contract for the services of a construction manager-at-risk." Id. § 271.118(a) (Vernon Supp. 2009).[2] You ask "whether . . . 271.118(d) prohibits a company from being selected as a Construction Manager at Risk for a City project if a related company has been chosen as the City's project manager and design engineer on the project."[3]
While you specifically ask about subsection 271.118(d), it is subsection 271.118(c) that addresses the selection of the "design engineer" in relation to the selection of a construction *Page 2 
manager-at-risk. See id. § 271.118(c). "Before or concurrently with selecting a construction manager-at-risk," subsection 271.118(c) requires a governmental entity to select or designate an engineer or architect (the "design engineer") who prepares the construction documents for the project and is responsible for complying with chapters 1001 and 1051 of the Occupations Code, which govern the practice of engineering, architecture, and related practices. See id. § 271.118(c); TEX. Occ. CODE ANN. §§ 1001.001-.604 (Vernon 2004 Supp. 2009) (chapter 1001); id. §§ 1051.001-.801 (chapter 1051). Subsection (c) prohibits "the governmental entity's engineer, architect, or construction manager-agent for a project" from serving as the construction manager-at-risk "unless the engineer or architect is hired to serve as the construction manager-at-risk under a separate or concurrent procurement conducted" as provided by subchapter H. TEX. LOC. GOV'T CODE ANN. § 271.118(c) (Vernon Supp. 2009) (emphasis added). Thus, subsection (c) expressly permits thesame entity to serve as the design engineer and as the construction manager-at-risk if hired pursuant to separate procurement processes. SeeLeland v. Branded, 257 S.W.3d 204, 206 (Tex. 2008) ("If the statute's language is unambiguous, its plain meaning will prevail"). If the same entity may serve in both capacities pursuant to separately procured contracts, it logically follows that the statute does not prohibitrelated entities from serving as the design engineer and as the construction manager-at-risk.
Subsection 271.118(d) requires a governmental entity to "provide or contract for, independently of the construction manager-at-risk, the inspection services, the testing of construction materials engineering, and the verification testing services necessary for acceptance of the facility." TEX. Loc. Gov'T CODE ANN. § 271.118(d) (Vernon Supp. 2009). The governmental entity must select such service providers in accordance with section 2254.004 of the Government Code. See id.; see also TEX. GOV'T CODE ANN. § 2254.004 (Vernon 2008) (setting forth procurement procedures for contracting for professional services of an architect, an engineer, or a surveyor). Subsection 271.118(d) does not address the selection of the design engineer hi relation to the selection of the construction manager-at-risk.
Accordingly, in response to your specific question, we conclude that neither subsection 271.118(c) nor subsection 271.118(d) prohibits selection of a company as a construction manager-at-risk for a city project if a related company has been selected pursuant to a separate procurement process as the design engineer for the project. *Page 3 
 SUMMARY
Neither subsection 271.118(c) nor subsection 271.118(d) of the Local Government Code prohibits selection of a company as a construction manager-at-risk for a city project if a related company has been selected pursuant to a separate procurement process as the design engineer for the project.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 ANDREW WEBER First Assistant Attorney General
 NANCY S. FULLER Chair, Opinion Committee
 Sheela Rai Assistant Attorney General, Opinion Committee
[1] "A construction manager-at-risk is a sole proprietorship . . . or other legal entity that assumes the risk for construction . . . of a facility at the contracted price as a general contractor and provides consultation to the governmental entity regarding construction during and after the design of the facility." TEX. LOC. GOV'T CODE ANN. § 271.118(b) (Vernon Supp, 2009).
[2] "A contract entered into or an arrangement made in violation of . . . subchapter [H]. . .is void[,]"and"[a]court may enjoin performance of a contract made in violation of this subchapter." Id. § 271.112(f).
[3] Request Letter at 1 (available at
http://www.texasattorneygeneral.gov). While you ask about "project manager," you do not explain the term's meaning, and section 271.118 does not use that term. See TEX. LOC. GOV'T CODE ANN. § 271.118 (Vernon Supp. 2009). Thus, we limit our discussion to the related company's role as a design engineer. *Page 1